CURTIS R. TINGLEY (SBN 112322)
ctingley@tingleyllp.com
BRUCE C. PIONTKOWSKI (SBN 152202)
bpiontkowski@tingleyllp.com
JONATHAN A. McMAHON (SBN 239370)
jmcmahon@tingleyllp.com
TINGLEY PIONTKOWSKI LLP
10 Almaden Boulevard, Suite 430
San Jose, California 95113
Telephone: (408) 283-7000
Facsimile: (408) 283-7010

Attorneys for Defendants
JEREMY BRUNNER;
NOSTALGIA FAMILY VIDEO, INC

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION – LOS ANGELES

| | |
|---|---|
| WARNER BROS. ENTERTAINMENT, INC., and TWENTIETH CENTURY FOX FILM CORPORATION,<br><br>Plaintiffs,<br><br>v.<br><br>JEREMY BRUNNER, an individual and dba www.nostalgiafamilyvideo.com; NOSTALGIA FAMILY VIDEO, INC.; and DOES 1 through 10, inclusive,<br><br>Defendants. | CASE NO. CV11-03932 CBM (MRWx)<br><br>**STIPULATION REGARDING HANDLING CONFIDENTIAL MATERIALS** |

IT IS HEREBY STIPULATED by and between Plaintiffs WARNER BROS. ENTERTAINMENT, INC., and TWENTIETH CENTURY FOX FILM CORPORATION ("Plaintiffs") and Defendants JEREMY BRUNNER, an individual and dba www.nostalgiafamilyvideo.com, and NOSTALGIA FAMILY VIDEO, INC. ("Defendants") (collectively, the "Parties") as follows:

**A.   GENERAL PROVISIONS AND DEFINITIONS**

7087F8A5.doc

TINGLEY PIONTKOWSKI LLP
ATTORNEYS AT LAW

STIPULATION REGARDING HANDLING
CONFIDENTIAL MATERIALS
CASE NO. CV11-03932 CBM (MRWx)

1. Scope

   a. This Stipulated Order Governing the Designation and Handling of Confidential Materials ("Order") shall apply to all "writings," "recordings" and "photographs" as defined in sections 1001(1) and (2) of the Federal Rules of Evidence and to any other tangible thing produced pursuant to Rule 34 of the Federal Rules of Civil Procedure. This definition applies equally to original as well as to derivative writings, recordings and photographs (including, but not limited to, copies, extracts, digests, compilations and summaries).

   b. This Order shall govern any document or information furnished by any party, or third parties, to any other party in connection with the discovery and pre-trial phase of this action. This includes, but is not limited to, material produced in connection with initial disclosures or in response to demands for production of documents or other things; responses to interrogatories; responses to requests for admission; responses to subpoenas; deposition testimony and exhibits; and all copies, extracts, summaries, compilations, designations, and portions of the foregoing. This Order does not govern proceedings during trial, nor does it prohibit any party from seeking an order to govern proceedings during trial.

2. Materials Outside of This Order's Scope

   The restrictions of this Order will not apply to:

   a. Any material that, at the time of disclosure, is in the public domain, in a form the same as or substantially similar to that disclosed; and

   b. Any material that, after disclosure, becomes part of the public domain, in a form the same as or substantially similar to that disclosed, as a result of publication not involving a violation of this Order.

3. "Confidential Material" Defined

   For the purposes of this Order, "Confidential Material" shall mean those documents or information, of any type, kind or character, designated as "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS EYES ONLY" by any

of the producing or receiving parties, including, but not limited to documents (in any form), information contained in a document, information revealed during a deposition and information revealed in written discovery responses.

In designating information as Confidential Material, a party will make such designation only as to that information which it, in good faith, believes contains confidential or proprietary trade secrets, operations, research, know-how, developmental information, or other non-public information. Should such information be publicly disclosed, it would cause significant competitive harm to the designating party, and could impair property rights.

Confidentiality is necessary in this case because this matter is a dispute between competitors. Accordingly, trade secrets and other proprietary and confidential information have been, and will continue to be, the subject of discovery. Public disclosure of trade secrets and confidential information generally impairs the property right, and public disclosure of operations, research, know-how, developmental information, or other non-public information could impair the ability to seek intellectual property protection including but not limited to patent protection and/or trade secret protection, as well as undermine competitive advantage and remove the incentive for innovation. In addition, public disclosure of Confidential Materials could violate an obligation of confidentiality to a third person, including a court.

Nothing shall be designated as "CONFIDENTIAL – ATTORNEYS EYES ONLY" except Confidential Matter that discloses highly sensitive information, that the other party in this litigation may be able to use to inflict direct harm on the designating party. In making this designation, the party shall act in good faith. Such information may include, but is not limited to: financial and tax information, trade secrets; business plans; sales or marketing strategies; product development information; corporate strategies and processes; profit information; financial results and projections; sales data; and highly sensitive competitive information concerning

customers, vendors, dealers, employees or consultants.

4. "Qualified Persons" Defined

For the purposes of this Order, "Qualified Persons" shall mean:

a. The Parties' outside counsel of record in this action and regular and temporary partners, associates, paralegals, employees or service contractors (such as document copy services, graphic design services, jury consultants, mock jurors, and messengers) of such counsel to whom it is necessary that the information or material be shown for the purposes of this litigation;

b. Any independent outside expert or consultant retained by the Parties' outside counsel or the Parties to assist in this action;

c. Personnel of the Court, pursuant to this Order;

d. Any interpreter, videographer, or court or other shorthand reporter or typist translating, recording or transcribing testimony;

e. the Parties;

f. Any person who authored or was an identified original recipient of the Confidential Material; and

g. Any other person only upon order of the Court or upon written consent of the Parties.

**B. DESIGNATION PROCEDURES**

Documents or information may be designated as Confidential Material as follows:

1. Written Materials and Objects

Written materials or objects may be designated as Confidential Material by placing on the written materials or physical objects in a conspicuous place the legend: "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS EYES ONLY."

2. Non-Written Materials

Materials not in the form of writings or physical objects (including, but not

limited to, depositions or other pre-trial testimony) or materials that cannot be conveniently designated as set forth above may be designated as Confidential Material by a statement on the record, by counsel, during such deposition or other proceeding that the entire transcript or a specific portion shall be designated as "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS EYES ONLY."

    3.    Time of Designation

It is preferred that the designation be made at the time such Confidential Material is produced or disclosed. However, a party or third party may designate any written or non-written materials or objects as Confidential Material by giving written notice within a reasonable period of time after the information is produced or disclosed. No party or third party shall have any obligation or liability due to any disclosure of the information that occurred prior to the receipt of such notice.

C.    DISSEMINATION OF CONFIDENTIAL MATERIAL

    1.    Disclosure of Confidential Material

Confidential Material shall be used solely to prepare for and try this litigation and any appeal, and for no other purpose whatsoever, and shall not be disclosed to any person except in accordance with the terms of this Order.

Confidential Matter shall not be disclosed or made available by any party to this litigation to persons other than Qualified Persons as defined in Paragraph A(4) above; provided, however, Confidential Matter designated as "CONFIDENTIAL – ATTORNEYS EYES ONLY" shall be restricted in circulation to Qualified Persons described in paragraph A(4)(a), (b), (c), (d), (f) and (g) above. Confidential Material shall not be disclosed to persons described in section (b) or (g) unless or until such person has executed an affidavit in the form attached as Exhibit "A."

    2.    Attorneys' Actions

    a.    Nothing in this Order will bar or otherwise restrict an attorney who is authorized to receive Confidential Material from rendering advice to his or her client with respect to this action or generally referring to or relying on his or her

examination of Confidential Material that has been produced under this Order.

b. In rendering such advice or in otherwise communicating with his or her client, the attorney will not disclose the specific content of any Confidential Material produced, if disclosure would not otherwise be permitted under the terms of this Order.

### D. OBJECTIONS TO DESIGNATION

A party may object to a designation of documents or information as Confidential Material by serving a written objection upon the designating party. The designating party shall notify the objecting party in writing of the bases for the asserted designation within ten (10) calendar days after receiving any written objection. The Parties shall confer in good faith as to the validity of the designation within five (5) calendar days after the challenging party has received the notice of the bases for the asserted designation.

To the extent the Parties are unable to reach an agreement as to the designation, the objecting party may make an appropriate application to the Court with any confidential portions to be kept under seal, requesting that specifically identified documents, information, and/or testimony be excluded from the provisions of this Order. The burden of proving the confidentiality of the designated document and/or information remains with the party asserting such confidentiality. Until the Parties or the Court finally resolve a dispute over the asserted designation, all Parties and persons shall treat the information or materials in question as Confidential Material, pursuant to the terms of this Order.

### E. USE AND HANDLING OF CONFIDENTIAL MATERIAL

1. Use of Confidential Material

Any Confidential Material will be held in confidence by each receiving party; will be used by the Parties solely in connection with this litigation, and not for any business, competitive, or governmental purpose or function; will be used by each receiving party for purposes of this action only and not for any business or

TINGLEY
PIONTKOWSKI LLP
ATTORNEYS AT LAW

7087F8A5.doc - 6 -
STIPULATION REGARDING HANDLING CONFIDENTIAL MATERIALS
CASE NO. CV11-03932 CBM (MRWx)

1  other purpose unless agreed to in writing by all Parties to this action or as
2  authorized by the further Order of the Court; and will not be disclosed to, or the
3  substance discussed with, any person who is not authorized to receive such
4  Confidential Material pursuant to this Order.
5      2.   <u>Use of Confidential Material in Pleadings or Evidence</u>
6      Pleadings, memoranda or other papers that contain Confidential Material
7  shall not be delivered to the Clerk of the Court, except in compliance with Local
8  Rule 79-5. Specifically, any Party wishing to present such information to the Court
9  will attempt to file such information under seal, pursuant to Local Rule 79-5.
10     3.   <u>Use of Confidential Material in Testimony and Depositions</u>
11     Any person may be interviewed and examined as a witness at depositions and
12 may testify concerning (1) all Confidential Material of which the person has prior
13 knowledge, and (2) as to Confidential Material for which his or her company is the
14 producing party, unless the person would not have access to the Confidential
15 Material during the normal course of his or her employment, the producing party
16 objects to such disclosure, and such objection is based on a good-faith assertion that
17 the producing party has a legitimate business reason why such disclosure should not
18 be made. If an interview or examination concerns Confidential Material, any party
19 will have the right to exclude from the portion of the examination or interview
20 concerning the Confidential Material any person other than the witness, the
21 witness' attorneys, and persons authorized to review such Confidential Material. If
22 the witness is represented by an attorney who is not authorized to review the
23 Confidential Material, then before the interview or examination, the producing
24 party will be given the opportunity to seek a further order or the attorney will be
25 requested to provide a declaration, in the form of Exhibit "A" to this Order.
26     4.   <u>Subpoenas</u>
27     If any person or party having possession, custody or control of any
28 Confidential Material receives a subpoena or other process or order to produce

Confidential Material, he or she will promptly:

    a. Notify in writing the attorneys of record of the party claiming confidentiality of the Confidential Material sought by the subpoena or other process or order;

    b. Furnish those attorneys with a copy of the subpoena or other process or order; and

    c. Provide reasonable cooperation with respect to a procedure to protect the Confidential Material. If the party asserting confidentiality makes a motion to quash or modify the subpoena, process or order, there will be no disclosure, process or order until the Court has ruled on the motion, and then only in accordance with the ruling. If no motion is made despite a reasonable opportunity to do so, the person or party receiving the subpoena or other process or order will be entitled to comply with it, if the person or party has fulfilled its obligations under this Order.

    5. <u>Safekeeping of Confidential Material</u>

Confidential Material shall be maintained in the custody of outside trial counsel of record for the Parties except that: (a) any court reporter who transcribes testimony given in this action may maintain any such designated documents for the purpose of rendering his or her normal transcribing services; and (b) partial or complete copies of those documents may be retained by authorized recipients entitled to access to such documents under the terms of this Order to the extent necessary for their study, analysis and preparation of the case. A person with custody of documents designated as Confidential Material shall maintain them in a manner that limits access to those persons entitled under this Order to examine the documents so designated.

**F. MISCELLANEOUS PROVISIONS**

    1. <u>Effect</u>

Entering into, agreeing to, and/or producing or receiving Confidential

Material, or otherwise complying with the terms of this Order, shall not:

    a.    Operate as an admission by any party that any particular Confidential Material does or does not contain or reflect trade secrets, proprietary or commercially sensitive information, or any other type of confidential information;

    b.    Operate as an admission by any party that the restrictions and procedures set forth herein constitute or do not constitute adequate protection for any particular information deemed by any party to be Confidential Material;

    c.    Prejudice in any way the rights of the Parties to object to the production of documents or giving of information they consider not subject to discovery;

    d.    Prejudice in any way the rights of any party to object to the authenticity or admissibility into evidence of any document, testimony or other evidence subject to this Order;

    e.    Prejudice in any way the rights of a party to petition the Court for a further protection relating to any purportedly confidential information;

    f.    Prejudice in any way the rights of a party to make a showing that materials of proprietary or competitive value, but not specifically included in the category of Confidential Material, may be properly designated as such;

    g.    Prevent the Parties to this Order from agreeing in writing or on the record during a deposition or hearing in this action to alter or waive the provisions or protections provided for in this Order with respect to any particular Confidential Material; or

    h.    Prejudice in any way the rights of a party to apply to the Court at any time to modify or rescind the restrictions of this Order, when convenience or necessity so requires.

The procedures set forth in this Order will not affect the rights of the Parties to object to discovery on grounds other than those related to trade secrets or

proprietary information claims, nor will they relieve a party of the necessity of proper response to discovery devices.

2. <u>No Waiver</u>

The taking of, or the failure to take, any action to enforce the provision of this Order, or the failure to object to any designation or any such action or omission, will not constitute a waiver of any right to seek and obtain protection or relief, other than as specified in this Order, nor will it be construed to be admissible or offered before any Court, agency or tribunal in this action or any other action, as evidence for any claim or defense that any information is or is not relevant, material, or otherwise discoverable; is or is not confidential or proprietary to any party; or is or is not entitled to particular protection.

3. <u>No Probative Value</u>

This Order will not abrogate or diminish any contractual, statutory, or other legal obligation or right of any party or person with respect to any confidential information. The fact that Confidential Material is marked as "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS EYES ONLY" under this Order will not be considered to be determinative of what a trier of fact may decide to be confidential or proprietary. The fact that Confidential Material has been designated as such under this Order will not be relevant during the trial of this action, and the Parties will jointly agree on an instruction to the jury regarding the lack of relevance of this designation.

4. <u>Court's Jurisdiction</u>

The Court retains jurisdiction to make amendments, modifications, deletions, and additions to this Order as the Court from time to time may consider appropriate. The provisions of this Order regarding the use or disclosure of Confidential Material will survive the termination of this action, and the Court will retain jurisdiction with respect to this Order.

5. <u>Notices</u>

Any of the notice requirements in this Order may be waived, in whole or in part, if such waiver is made in writing and signed by the attorney of record for the party against whom such waiver is sought.

6. Amendments

The Parties may not amend this Order, except in writing and by Order of this Court.

7. Privileged Documents

If any party inadvertently produces a document that it believes is privileged, the receiving party shall immediately return the document and may not claim a waiver based on the production.

8. Binding on All Parties

This Order, upon entry as such by the Court, shall bind the Parties represented by the undersigned counsel, the Parties' agents, officers, directors, employees, and representatives.

**IT IS SO STIPULATED.**

Dated: January 5, 2012

J. ANDREW COOMBS, A PROFESSIONAL CORPORATION

By: /s/ Nicole L. Drey
NICOLE L. DREY
Attorneys for Plaintiffs

Dated: January 5, 2012

TINGLEY PIONTKOWSKI LLP

By: /s/
JONATHAN A. MCMAHON
Attorneys for Defendants

# EXHIBIT A

I, _____[Name]_____, of ___[Company and address]_____, declare under penalty of perjury that I have received a copy of the Stipulated Order Governing the Designation and Handling of Confidential Materials ("Order") entered in the matter of *Warner Bros. Entertainment Inc., et al. v. Jeremy Brunner, et al.*, Case No. CV11-3932 CBM (MRWx). I have carefully read and understand the provisions of the Order.

    I am bound by the terms and conditions and all provisions of the Order, and agree to comply with the terms and conditions of the Order. I will hold in confidence, will not disclose to anyone other than those persons specifically authorized by the Order, and will not copy or use except for the purposes of this action, any Confidential Material that I receive in this action.

    I submit to the jurisdiction of this Court for the purposes of enforcement of this Order.

    I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct. Executed on _____, 2012.

_____
Signature of Declarant